UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL FARRAD SIMMONS,<br><br>                              Plaintiff,<br><br>                -v.-<br><br>MARTIN KLEINMAN; MS. ANGELA;<br>DELORES HOLLINGSWORTH; UNITED<br>HEALTHCARE,<br><br>                              Defendants. | 20 Civ. 5929 (KPF)<br><br>ORDER OF SERVICE |

KATHERINE POLK FAILLA, District Judge:

Plaintiff brings this *pro se* action under the Court's federal question jurisdiction, 28 U.S.C. § 1331, asserting claims under the Americans with Disabilities Act (ADA) and other federal laws. By order dated July 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants United Healthcare, Delores Hollingsworth, Martin Kleinman, and "Ms. Angela" of the Human Resources Department at Americare Home Healthcare Services through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for United Healthcare, Delores Hollingsworth, Martin Kleinman, and "Ms. Angela" of the Human Resources Department at Americare Home Healthcare Services and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: September 15, 2020
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. United Healthcare
   161 Canal Street
   New York, NY 10013

2. Delores Hollingsworth
   United Healthcare
   161 Canal Street
   New York, NY 10013

3. Martin Kleinman, Chief Executive Officer
   Americare, Inc.
   171 Kings Highway
   Brooklyn, NY 11233

4. "Ms. Angela," HR Department
   Americare Home Healthcare Services
   2255 Coleman Street
   Brooklyn, NY 11234